EXHIBIT 1

Declaration of Kim G. Bruno in Support of
Notice Of Plaintiff's Compliance With The Court's Order

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-CV-0382-MEH

COMMODITY FUTURES TRADING COMMISSION,

       Plaintiff,

v.

VENTURE CAPITAL INVESTMENTS LTD. and BREONNA S. CLARK, a/k/a Eliot
Clark a/k/a Alexander Pak d/b/a Venture Capital Investments and The Life Group,

       Defendants.

---

**DECLARATION OF KIM G. BRUNO IN SUPPORT OF NOTICE OF**
**PLAINTIFF's COMPLIANCE WITH COURT ORDER**

---

I, Kim G. Bruno, under oath, do hereby depose and state as follows:

1.  I am an attorney with the Division of Enforcement of the U.S. Commodity Futures
Trading Commission ("Commission" or "CFTC"). I make this declaration in support of the
Commission's "Notice Of Plaintiff's Compliance With The Court's February 14, 2020
Order". This declaration is based on personal knowledge unless stated otherwise in which
case my statements are based on information and belief.

2.  On February 25, 2020, Kevin Samuel, a Commission Investigator, and I telephoned and
emailed Defendant Breonna Clark ("Clark"). in order to secure Defendants' compliance with
the Court's February 14, 2020 order and LCivR 72.2 regarding conferring in order to consent
or not consent to the United States Magistrate Judge Jurisdiction and a Proposed Scheduling
Order. I sent a letter the same day by each email address associated with Defendants and also
sent by overnight mail attaching the Court's order (Att. 1).

3.   Clark received the letter on February 28, 2020 (Att. 2).

4.   Subsequently, on March 5, 2020, Mr. Samuel and I telephoned each telephone number associated with Clark.  Clark did not answer any of our calls. We discovered that most of the numbers were now disconnected.

5.   The same day, we also sent Clark by overnight mail a draft Proposed Scheduling Order and a request to meet and confer pursuant to this Court's Order and Rule 26(f) of the Federal Rules of Civil Procedure (Att. 3).

6.   The March 5, 2020 letter was delivered on March 6, 2020.  (Att. 4)

7.   Clark has not responded.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on March 17, 2020.                    _____

                                                                    Kim G. Bruno

ATTACHMENT 1

February 25, 2020
Letter to Breonna Clark and VCI



**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5320
Facsimile: (202) 418-5523
*www.cftc.gov*

Kim G. Bruno
Senior Trial Attorney
(202) 418-5368
(202) 818-3111(fax)
*kbruno@cftc.gov*

Division of
Enforcement

February 25, 2020

**BY UPS OVERNIGHT COURIER and ELECTRONIC MAIL** (bdansimon89@gmail.com)

Breonna Clark
2538 South Anaheim Street, #302
Aurora, CO 80014-1474

Re:     *CFTC v. Venture Capital Investments Ltd., Breonna Clark, et al.*, Case No. 1:20cv0382
        MEH

Dear Breonna Clark:

        As you are aware, you were served with the Complaint, Summons, Notice of Related
Cases, Judge Michael E. Hegarty's February 14, 2020 Minute Order and Consent/non-Consent to
the Exercise of Jurisdiction by a United States Magistrate Judge in Direct Assignment Cases.
Judge Hegarty's Minute Order directed the parties to meet and confer regarding a proposed
Scheduling Order and whether the parties consent to the Magistrate Judge's jurisdiction.  I
understand that you are currently proceeding *pro se.*

        We need to schedule a call promptly because the court has directed us to file the
scheduling order and consent form soon.  Please contact me at regarding a mutually agreeable
time and date for a telephone call and provide several dates and times that will work for you.  If
you should have any questions, please call me at 202-418-5368 or email me at kbruno@cftc.gov.
Alternatively, please contact Michael Solinsky at (202) 418-5384 or at msolinsky@cftc.gov.

                        Sincerely,


                        *Kim G. Bruno*
                        Kim G. Bruno

cc:     Michael Solinsky
        Kevin Samuel

Enclosures:  Judge Michael E. Hegarty's February 14, 2020 Minute Order
             Consent/non-Consent to the Exercise of Jurisdiction by a United States
             Magistrate Judge in Direct Assignment Cases

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____ -cv- _____- _____

_____,

      Plaintiff(s),

v.

_____,

      Defendant(s).

## CONSENT/NON-CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE IN DIRECT ASSIGNMENT CASES

Under 28 U.S.C. § 636(c) and D.C.COLO.LCivR 40.1(c) – Assignment of Cases/Direct Assignment to Magistrate Judges, you are notified that this civil action has been randomly assigned to a full time United States magistrate judge of this district to conduct all proceedings in this civil action, including trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge, however, is permitted only if all parties voluntarily consent to the reference under 28 U.S.C. § 636(c). An appeal from a judgment entered by a magistrate judge shall be taken directly to the appropriate United States Court of Appeals in the same manner as an appeal from any other judgment of a district court.

Consent to magistrate judge jurisdiction is voluntary, and no adverse consequence shall result if consent is declined. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned. Pursuant to D.C.COLO.LCivR 72.2, no district judge or magistrate judge, court official, or court employee may attempt to influence the granting or withholding of consent to the reference of any civil matter to a magistrate judge under this rule.

You are directed to confer with all parties in this action and execute and file with the Court the attached Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction, indicating either the unanimous consent of the parties or that at least one party has declined to consent, at the earlier of (1) no later than seven days before the scheduling conference, if any; or (2) 45 days after the filing of the first response, other than an answer, to the operative complaint. All parties must either consent to the exercise of magistrate judge jurisdiction, or any party may decline to

consent. In either event, **filing of the Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction is mandatory,** indicating either the unanimous consent of the parties or that at least one party has declined to consent.

If all parties consent to magistrate judge jurisdiction, the magistrate judge shall notify the Chief Judge or his/her designee, who shall determine whether to enter an order of reference under 28 U.S.C. § 636(c). If an order of reference is entered, the magistrate judge shall conduct all proceedings and order the entry of judgment. The Chief Judge, or his/her designee, may sua sponte for good cause or on motion of a party for extraordinary circumstances vacate the order of reference.

Any party added to the civil action after reference to a magistrate judge shall be notified by the clerk of the obligation to complete and file the mandatory Consent/Non-Consent Form. If any added party does not consent to magistrate judge jurisdiction within 21 days from the date of the notice, the civil action shall be assigned to a district judge under D.C.COLO.LCivR 40.1(a), and the magistrate judge shall continue on the case as if consent had been declined initially.

If consent to magistrate judge jurisdiction is declined by any party, no order of reference is entered or the order of reference is vacated, the civil action shall be assigned to a district judge under D.C.COLO.LCivR 40.1(a), and the magistrate judge shall continue on the case as if consent had been declined initially.

A case assigned directly to a magistrate judge in which there is consent may be assigned randomly to another magistrate judge to conduct an early neutral evaluation or other alternative dispute resolution proceeding under D.C.COLO.LCivR 16.6.

If after direct assignment, a magistrate judge recuses and the action is assigned to another magistrate judge, each party shall complete an Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction no later than (a) 21 days after assignment to the successor magistrate judge; or (b) the deadlines imposed in the third paragraph of this form, whichever is later.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____ -cv- _____- _____

_____,

      Plaintiff(s),

v.

_____,

      Defendant(s).

## ELECTION CONCERNING CONSENT/NON-CONSENT TO UNITED STATES MAGISTRATE JUDGE JURISDICTION

Under 28 U.S.C. § 636(c) and

(1)      D.C.COLO.LCivR 40.1(c) (Assignment of Cases/Direct Assignment to Magistrate Judges);

or

(2)      Fed. R. Civ. P. 73 and D.C.COLO.LCivR 72.2 (Consent Jurisdiction of a Magistrate Judge);

or

(3)      D.C.COLO.LAPR 72.2 (Consent Jurisdiction of a Magistrate Judge).

**CHECK ONE**

_____☐_____ all parties in this civil action CONSENT to have a United States magistrate judge conduct all proceedings in this civil action, including trial, and to order the entry of a final judgment;

**OR**

_____☐_____ at least one party in this civil action DOES NOT CONSENT to have a United States magistrate judge conduct all proceedings in this civil action, including trial, and to order the entry of a final judgment.

Signatures                    Party Represented                    Date

_____    _____    _____

Print name_____    _____    _____

_____    _____    _____

Print name_____    _____    _____

_____    _____    _____


**NOTE:**    You are directed to confer with all parties in this action and execute and file with the Court this Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction, indicating either the unanimous consent of the parties or that at least one party has declined to consent, at the earlier of (1) no later than seven days before the scheduling conference, if any; or (2) 45 days after the filing of the first response, other than an answer, to the operative complaint. All parties must either consent to the exercise of magistrate judge jurisdiction, or any party may decline to consent. In either event, **filing of the Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction is mandatory,** indicating either the unanimous consent of the parties or that at least one party has declined to consent.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00382-MEH

COMMODITY FUTURES TRADING COMMISSION,

       Plaintiff,

v.

VENTURE CAPITAL INVESTMENTS LTD, and
BREONNA S. CLARK a/k/a Eliot Clark a/k/a Alexander Pak d/b/a Venture Capital Investments and
The Life Group,

       Defendants.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on February 14, 2020.**

The above-captioned case has been directly assigned to Magistrate Judge Michael E. Hegarty pursuant to D.C. Colo. LCivR 40.1(c).  The parties shall complete and file the Magistrate Judge Consent Form (ECF 6) **on or before March 19, 2020**.

It is further ORDERED that the Fed. R. Civ. P. 16(b) Scheduling Conference shall be held on **April 8, 2020**, at **10:15 a.m.** in Courtroom A-501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado.

If this date is not convenient, the parties shall confer and contact my Chambers by email to obtain an alternate date.  All parties must be copied on the email if they agree to change the conference date; otherwise, any party seeking to change the conference date must file a motion. Absent exceptional circumstances, no request for rescheduling will be entertained unless made **five business days prior** to the date of the conference.

It is further ORDERED that Plaintiff shall notify all parties who have not entered an appearance of the date and time of the Scheduling Conference.

Lawyers whose offices are located outside of the Denver metropolitan area may appear at scheduling conferences by telephone.  Please contact Chambers at (303) 844-4507 at least five business days prior to the scheduling conference to arrange appearance by telephone.  Lawyers appearing by telephone must ensure that the proposed Scheduling Order is filed electronically and submitted to Chambers by email no later than five business days prior to the scheduling conference, in accordance with the instructions in this minute order.

It is further ORDERED that counsel for the parties and any unrepresented non-prisoner parties in this case are to hold a meeting and jointly prepare a proposed Scheduling Order in

accordance with Fed. R. Civ. P. 26(f) on or before **March 18, 2020**.  Pursuant to Fed. R. Civ. P. 26(d), only requests pursuant to Fed. R. Civ. P. 34 may be submitted before the Rule 26(f) meeting, unless otherwise ordered or directed by the Court.  Pursuant to Fed. R. Civ. P. 34(b)(2)(A), responses to such discovery requests must be submitted no later than 30 days after the Rule 26(f) meeting, unless the parties stipulate or the Court orders otherwise.

The parties shall prepare the proposed Scheduling Order in accordance with the form that may be downloaded from the Forms section of the Court's website, www.cod.uscourts.gov.

The parties shall file the proposed Scheduling Order with the Clerk's Office, and in accordance with District of Colorado Electronic Case Filing ("ECF") Procedures, **no later than five business days** prior to the scheduling conference.  **The proposed Scheduling Order is also to be submitted in a editable format (i.e., Word) by email to Magistrate Judge Hegarty at** *hegarty_chambers@cod.uscourts.gov.*

Parties not participating in ECF shall file their proposed Scheduling Order on paper with the clerk's office.  However, if any party in this case is participating in ECF, it is the responsibility of that party to file the proposed scheduling order pursuant to the District of Colorado ECF Procedures.

**Please note that the Court will set the deadline for all motions raised pursuant to Fed. R. Evid. 702, 703, and 704 on the same date as the dispositive motions deadline.**

Finally, the parties or counsel attending the Scheduling Conference should be prepared to informally discuss the case to determine whether early alternative dispute resolution is appropriate.  There is no requirement to submit confidential position statements/letters to the Court at the Scheduling Conference nor to have the parties present.

Any out-of-state counsel shall comply with D.C. Colo. LAttyR 3 prior to the Scheduling Conference.

The parties are further advised that they shall not assume that the Court will grant the relief requested in any motion.  Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not be vacated by the Court may result in the imposition of sanctions.

In addition, **before filing a motion relating to a discovery dispute, the movant must request a conference with the Court** by submitting an email, copied to all parties, to *hegarty_chambers@cod.uscourts.gov.*  *See* Fed. R. Civ. P. 16, cmt. 2015 Amendment.

**Anyone seeking entry into the Alfred A. Arraj United States Courthouse will be required to show a valid photo identification.**  *See* **D.C. Colo. LCivR 83.2(b).**

ATTACHMENT 2

February 28, 2020
Proof of Delivery

3/2/2020                                                Tracking Details | UPS

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**
1ZA4796A0195715779

**Weight**
0.00 LBS

**Service**
UPS Next Day Air®

**Shipped / Billed On**
02/25/2020

**Delivered On**
02/28/2020 9:50 A.M.

**Delivered To**
DENVER, CO, US

**Received By**
DRIVER RELEASE

**Left At**
Front Door

Thank you for giving us this opportunity to serve you. Details are only available for shipments delivered within the last 120 days. Please print for your records if you require this information after 120 days.

Sincerely,

UPS

Tracking results provided by UPS: 03/02/2020 10:22 A.M. EST

ATTACHMENT 3

March 5, 2020 Letter to Breonna Clark
Draft Proposed Scheduling Order



**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5320
Facsimile: (202) 418-5523
*www.cftc.gov*

Kim G. Bruno
Senior Trial Attorney
(202) 418-5368
(202) 818-3111(fax)
*kbruno@cftc.gov*

Division of
Enforcement

March 5, 2020

**BY UPS OVERNIGHT COURIER and ELECTRONIC MAIL** (List of email addresses below)

Breonna Clark
2538 South Anaheim Street, #302
Aurora, CO 80014-1474

Re:   *CFTC v. Venture Capital Investments Ltd., Breonna Clark, et al.*, Case No. 1:20cv0382 MEH

Dear Breonna Clark:

As you are aware, you were served with the Complaint, Summons, Notice of Related Cases, Judge Michael E. Hegarty's February 14, 2020 Minute Order and Consent/non-Consent to the Exercise of Jurisdiction by a United States Magistrate Judge in Direct Assignment Cases. Judge Hegarty's February 14, 2020 Minute Order directed the parties to meet and confer regarding a proposed Scheduling Order and whether the parties consent to the Magistrate Judge's jurisdiction.  Although you are proceeding *pro se,* you must comply with the Court's directives.

We need to schedule a call as soon as possible because the court has directed us to file the scheduling order and consent form soon.  Attached is a draft Proposed Scheduling Order.

Please contact me as soon as possible regarding a mutually agreeable time and date for a telephone call and provide several dates and times that will work for you.  If you should have any questions, please call me at 202-418-5368 or email me at kbruno@cftc.gov.  Alternatively, please contact Michael Solinsky at (202) 418-5384 or at msolinsky@cftc.gov.

Sincerely,


*Kim G. Bruno*
Kim G. Bruno


cc:   Michael Solinsky
     Kevin Samuel
     bdansimon89@gmail.com, clarkbre@aol.com, thetattedinvestor@gmail.com,
     info@ventureci.com, E.clark12311@gmail.com, elliotclark@ventureci.com,
     eclark.12311@gmail.com


Enclosures:  Draft Proposed Scheduling Order

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-CV-0382-MEH

COMMODITY FUTURES TRADING COMMISSION,

        Plaintiff,

v.

VENTURE CAPITAL INVESTMENTS LTD. and BREONNA S. CLARK, a/k/a Eliot Clark a/k/a Alexander Pak d/b/a Venture Capital Investments and The Life Group,

        Defendants.

---

**PROPOSED SCHEDULING ORDER**

---

    **1.**     **DATE OF CONFERENCE AND APPEARANCES OF**
    **COUNSEL AND *PRO SE* PARTIES**

The Scheduling Conference is scheduled for April 8, 2020, commencing at 10:15 a.m.

in Courtroom A-501, Fifth Floor of the Alfred A. Arraj United States Courthouse, 901 19th

Street, Denver, Colorado. The following individuals will participate in the conference:

**Attorneys for Plaintiff Commodity Futures Trading Commission ("CFTC" or "Plaintiff"):**

Kim G. Bruno, Senior Trial Attorney
Michael Solinsky, Chief Trial Attorney
1155 21st Street, NW,
Washington, D.C., 20581
Telephone:    (202) 418-5368 (Mr. Bruno) and x5384 (Mr. Solinsky)
Facsimile:    (202) 818-3111
E-mail:    kbruno@cftc.gov,
        msolinsky@cftc.gov

1

**Attorneys for Defendant Venture Capital Investments, Ltd. ("VCI") and Breonna S. Clark, et al, ("Clark");**

Breonna S. Clark (*pro se*)
2538 South Anaheim Street, #302
Aurora, CO 80014-1474
Telephone: 303-817-3552
E-mail: bdansimon89@gmail.com; clarkbre@aol.com, thetattedinvestor@gmail.com; info@ventureci.com; E.clark12311@gmail.com; elliotclark@ventureci.com; eclark.12311@gmail.com

## 2.      STATEMENT OF JURISDICTION

This Court has personal jurisdiction over the Defendants because Congress provided for nationwide service of process in section 6c(e) of the Commodity Exchange Act ("Act")), 7 U.S.C.A. § 13a-1(e) (2018).   Defendant VCI was properly served on February 18, 2020 (ECF #6) and its registered agent was served on February 27, 2020 (ECF #7).   Defendant Clark was properly served on February 18, 2020 (ECF #8).

The Court also has subject matter jurisdiction over this matter per 28 U.S.C. § 1331 (2018) (codifying federal question jurisdiction) and 28 U.S.C. § 1345 (2018) (providing that U.S. district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress).  In addition, Section 6c(a) of the Act , 7 U.S.C. § 13a-1(a) (2018), authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in an act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.  Section 2(c)(2)(C)(vii) of the Act, 7 U.S.C. § 2(c)(2)(C)(vii) (2018), provides the CFTC with jurisdiction over the forex solicitations and transactions at issue in this action.

### 3.      STATEMENT OF CLAIMS AND DEFENSES

**a.      Plaintiff's Claims Against Defendants VCI and Clark:**

Plaintiff's asserts four causes of actions against VCI and Clark:

(1)      CFTC alleges that VCI and Clark committed fraud as a Commodity Pool Operator ("CPO") And Commodity Trading Advisor ("CTA") in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1) (2018).  As described in detail in the CFTC's Complaint, VCI and Clark directly violated 7 U.S.C. § 6o(1)(A)-(B)(2018) while acting as CPOs because they, among other things, intentionally or recklessly:  (1) misappropriated pool participant funds; (ii) made material misrepresentations about Defendants' trading expertise, track record, profitability, and minimized the risk of loss; and (3) created and distributed to pool participants fabricated account statements.

(2)      The CFTC's second cause of action alleges fraud by deceptive device or contrivance in violation of section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2018) and 17 C.F.R. § 180.1(a) (2019).  As related in the complaint, the Defendants are alleged to have violated 7 U.S.C. § 9(1)(2018) and 17 C.F.R. §180.1(a)(2019) in connection with contracts of sale of commodities in interstate commerce by, among other things:  (1) misappropriating pool participant funds; (ii) making material misrepresentations about Defendants' trading expertise, track record, profitability, and minimizing the risk of loss; and (3) creating and distributing to pool participants fabricated account statements.

(3)      The CFTC's third cause of action alleges that Defendants failed to register as a CPO in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2018) and 17 C.F.R. § 5.3(a)(2)(i) (2019).  Defendant Clark, during the period from at least March 1, 2018 to April 2, 2018 and October 17, 2018 to June 30, 2019, acted as a CPO.  Further, from April 3, 2018 to

3

October 17, 2018, VCI acted as a CPO.  During these time frames, without having registered as CPOs, Clark and VCI solicited and accepted funds for a pooled investment vehicle from non-Eligible Contract Participants ("ECPs") for the purpose of engaging in retail forex transactions thereby violating  7 U.S.C. § 6m(1)(2018) and 17 C.F.R. § 5.3(a)(2)(i)(2019).

(4)      The CFTC's fourth cause of action alleges Defendants failed to register as a CTA in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2018) and 17 C.F.R. § 5.3(A)(3)(I) (2019).   Clark acted as a CTA because for compensation or profit, Clark advised pool participants who were not ECPs on trading retail forex.  In addition, Clark acted as a CTA because Clark exercised discretionary trading authority or obtained written authorization to exercise discretionary trading authority over pool accounts for or on behalf of persons who were not ECPs in connection with retail forex transactions.

**b.      DEFENSES**

Defendants have not raised any defenses at this stage of the case.

**4.      UNDISPUTED FACTS**

There are no undisputed facts at this stage of the case.

**5.      COMPUTATION OF DAMAGES**

Pursuant to Section 6(d)(a) of the Act, 7 U.S.C. §13a-1(d)(1), and Commission Regulation 143.8, 17 C.F.R. § 143.8, the Commission seeks damages in the amount of $165,227 per violation or triple the monetary gain to Defendants for each violation of the Act.  As described above, the Commission has alleged that Defendants. from at least March 1, 2018 through at least June 30, 2019 ("Relevant Period"), violated four provisions of the Act for fraud, misappropriation and failing to register as a CPO and CTA during the Relevant Period.   Each act of misappropriation, misrepresentation of

material fact, and issuance of a false report, including but not limited to those specifically

alleged in the Complaint, is alleged as a separate and distinct violation.

**6.      REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)**

     **a.      Date of Rule 26(f) meeting.**

        The parties have not yet conferred.

     **b.      Names of each participant and party he/she represented at the Rule 26(f) Conference.**

        1.   Attorneys for CFTC:

            Kim G. Bruno, Senior Trial Attorney
            Michael Solinsky, Chief Trial Attorney
            1155 21st Street, NW,
            Washington, D.C., 20581
            Telephone: (202) 418-5368 (Mr. Bruno) and x5384 (Mr. Solinsky)
            Facsimile: (202) 818-3111
            E-mail:   kbruno@cftc.gov, msolinsky@cftc.gov

        2.   Attorneys for VCI:
            Unknown

        3.   Attorneys for Clark:
            Unknown

     **c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The CFTC anticipates that the Parties' Rule 26(a)(1) disclosures, including the

production of all non- confidential documents and materials, will be made at or within twenty-

one (21) days after the presumptive time of the parties' Rule 26(f) conference but no later than

April 1, 2020.  Due to the sensitive nature of the information at issue in this dispute, the parties

agree that any information that could be considered "confidential" be produced within seven

(7) days after the entry of a Protective Order.

> **d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties did not agree to any change in the timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1), subject to Section 6(c) above.

> **e.      Statement concerning any agreements to conduct informal discovery.**

No other informal discovery was conducted or agreed to.

> **f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The CFTC anticipates the parties' agreeing to use a unified exhibit numbering system. As of this date, no other specific procedures have been suggested by any party. The CFTC anticipates that all Parties shall be required to bates label documents disclosed and make an electronic copy of their disclosure documents available to all other parties by way of USB flash drive, external hard drive, compact disk, file sharing service or other similar electronic means of transfer. Parties may charge for the reasonable cost of copying discs or hard drives when disclosing documents electronically. However, the CFTC anticipates that the Parties may not charge for the cost of scanning disclosed documents.

> **g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The CFTC anticipates that its claims or defenses will involve some electronically stored information, which may be extensive, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.  The CFTC anticipates that the Parties will agree to abide by the CFTC Data Delivery Standards, attached

6

as Exhibit A.

**h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The CFTC anticipates that the Parties will participate in good-faith attempts to settle the case.

## 7.   CONSENT

The parties do not consent to the exercise of jurisdiction of a magistrate judge and have advised the Court by separate filing.

## 8.   DISCOVERY LIMITATIONS

**a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

With respect to interrogatories, the parties agree to apply the presumptive limits of Fed. R. Civ. P. 33(a)(1). Each party may serve no more than twenty-five (25) interrogatories on any other party absent further leave of Court.

With respect to depositions, the CFTC anticipates that the Parties shall agree that each Party shall be entitled to depose one Fed. R. Civ. P. 30(b)(6) witness or a specifically identified representative of each other Party. Additionally, the CFTC anticipates that each Party is entitled to six (6) additional fact witness depositions, which may include a non-party witness or a party witness. If more than one individual is designated in response to a Fed. R. Civ. P. 30(b)(6) deposition notice, only one witness will be counted toward the noticing party's deposition allotment. Each party is also entitled to depose any or all of each other party's disclosed expert witness(es). The CFTC anticipates that each Party reserves the right to seek permission from the Court to depose additional witnesses upon good cause shown.

The CFTC anticipates, subject to an award of costs, the expert witness fees of all expert

depositions shall be paid by the party who noticed the deposition, with the exception of preparation and travel time, which shall be paid, if at all, by the party retaining the expert. Each party whose counsel questions an expert witness during that expert's deposition, including the party who retained the expert, shall be responsible for a pro rata share of the expert's deposition fee (payable to the noticing party) based on the length of time each counsel questions the expert; provided, however, that the noticing counsel, not the expert, is responsible for collecting sums owed by other parties.

**b.      Limitations which any party proposes on the length of depositions.**

With the exception of Breonna Clark who may be deposed in her personal capacity and as the controlling person of VCI for two days and up to 14 (14) hours, absent the agreement of counsel, or an order by the Court for good cause shown, a deposition of any witness disclosed under Fed. R. Civ. P. 26(a)(2) otherwise shall be limited to one day of up to seven (7) hours.

**c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The CFTC does not anticipate proposing to vary the presumptive number of requests for production and/or requests for admission. The parties agree that each party shall be entitled to serve no more than 25 requests for admission (exclusive of requests as to the authenticity of documents) and 25 requests for production of documents on each other party. Each Party reserves the right to seek permission from the Court to serve additional requests for production and/or requests for admission upon good cause shown.

**d.      Other Planning or Discovery Orders.**

Before filing a motion for an order relating to discovery, the movant must request a conference with the Court by submitting an email, copied to all parties, to

hegarty_chambers@cod.uscourts.gov. See Fed. R. Civ. P. 16, cmt. 2015 Amendment.

### 9. CASE PLAN AND SCHEDULE

**a.    Deadline for Joinder of Parties and Amendment of Pleadings:**

The CFTC anticipates that the Parties shall agree that the deadline to join parties and amend pleadings shall be no later than forty-five (45) days from the Scheduling Order.

**b.    Discovery Cut-off:**

The CFTC anticipates that the Parties will agree that the cut-off for all discovery, including both fact and expert deposition, shall be 180 days from the Scheduling Order.

**c.    Dispositive Motion Deadline:**

The Parties agree that the Dispositive Motion Deadline shall be 240 days from the Scheduling Order, subject to order by the Court on good cause shown, and Fed. R. Civ. P. 56 (d).

**d.    Expert Witness Disclosure**

    **1.    The parties shall identify anticipated fields of expert testimony, if any.**

        At this time, the CFTC does not anticipate retaining experts.

    **2.    Limitations which the parties propose on the use or number of expert witnesses.**

    Not applicable.

    **3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

    Not applicable.

4.      **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

The CFTC does not anticipate that either Party will retain rebuttal experts.

5.      **Identification of Persons to Be Deposed:**

1.   The CFTC intends to depose the following persons:

a.   Breonna Clark (personal capacity and as manager and sole operator of VCI.

b.   Tania Chick

c.   Aaron Johnson

d.   Charlotte Warren

e.   Angela Preston

With the exception of Breonna Clark, who would be deposed in her personal capacity and as controlling person of VCI over a two day period with no day exceeding (7) seven hours, the CFTC anticipates that it will not need longer than seven (7) hours of deposition time for each of the above-identified entities and/or individuals.

6.      **Deadline for Service of Interrogatories:**

The Parties agree that all interrogatories shall be served by 33 days prior to close of discovery.

7.      **Deadline for Service of Requests for Production of Documents and/or Admissions:**

The Parties agree that all requests for the production of documents and/or admissions shall be served by 33 days prior to close of discovery.

## 10. DATES FOR FURTHER CONFERENCES

[The magistrate judge will complete this section at the scheduling conference if he or she

has not already set deadlines by an order filed before the conference.]

## 11. OTHER SCHEDULING MATTERS

a.     **Identify any discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

The CFTC is not aware on any such issues.

b.     **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wasatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.**

The CFTC does not anticipate that any pretrial proceedings may be more efficiently or economically conducted in these other District Court facilities at this time.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ___ day of March, 2020.

BY THE COURT:

_____

Michael E. Hegarty
United States Magistrate Judge

**APPROVED:**

Kim G. Bruno, Senior Trial Attorney
Michael Solinsky, Chief Trial Attorney
1155 21st Street, NW,
Washington, D.C., 20581
Telephone:   (202) 418-5368 (Mr. Bruno) and x5384 (Mr. Solinsky)
Facsimile:   (202) 818-3111
E-mail:      kbruno@cftc.gov,
             msolinsky@cftc.gov

Plaintiff
Commodity Futures Trading Commission

Breonna S. Clark (*pro se*)
2538 South Anaheim Street, #302
Aurora, CO 80014-1474
Telephone: 303-817-3552
E-mail:  bdansimon89@gmail.com; clarkbre@aol.com, thetattedinvestor@gmail.com;
info@ventureci.com; E.clark12311@gmail.com;  elliotclark@ventureci.com;
eclark.12311@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of March, 2020, I caused a true and correct copy of the foregoing **PROPOSED SCHEDULING ORDER** was filed electronically and served electronically on the following parties via CM/ECF and by overnight mail:

Breonna S. Clark (*pro se*)
2538 South Anaheim Street, #302
Aurora, CO 80014-1474
Telephone: 303-817-3552
E-mail:  bdansimon89@gmail.com; clarkbre@aol.com, thetattedinvestor@gmail.com;
info@ventureci.com; E.clark12311@gmail.com;  elliotclark@ventureci.com;
eclark.12311@gmail.com

*/s Kim G. Bruno*
Kim G. Bruno
Sr. Trial Attorney

EXHIBIT A

CFTC DATA DELIVERY STANDARDS



# CFTC Data Delivery Standards

## Effective:  June 14, 2018

This document describes the technical requirements for electronic document productions to the Commodity Futures Trading Commission (CFTC).  Any proposed file formats other than those described below must be discussed with the legal and technical staff of the CFTC Division of Enforcement prior to submission.



# CFTC Data Delivery Standards

*Effective:  June 14, 2018*

This document describes the technical requirements for electronic document productions to the Commodity Futures Trading Commission (CFTC).

**\*\*Any proposed file formats other than those described below must be discussed with the legal and technical staff of the CFTC Division of Enforcement prior to submission.\*\***

# Contents

General Instructions ...................................................................................................................... 2

Electronic Discovery Protocols ...................................................................................................... 3

Delivery Formats .......................................................................................................................... 3

   I.   Native File Production ........................................................................................................... 3

      1.   Emails ............................................................................................................................ 3

      2.   Account Statements ........................................................................................................ 3

      3.   Instant Messages (IMs) ................................................................................................... 3

      4.   Audio Files ..................................................................................................................... 4

      5.   Video Files ...................................................................................................................... 4

      6.   Transcripts ..................................................................................................................... 5

   II.   Imaged Collections .............................................................................................................. 5

      1.   Images ............................................................................................................................ 5

      2.   Concordance Image® Cross-Reference File ................................................................... 6

      3.   Data File ........................................................................................................................ 6

      4.   Text ............................................................................................................................... 9

      5.   Linked Native Files ......................................................................................................... 9

   III.   Productions of Adobe PDF Files ........................................................................................... 9

   IV.   Productions of Website Content ......................................................................................... 10

   V.   Productions of Forensic Images of Computer Media ........................................................... 10

   VI.   Productions of Forensically Acquired Mobile Device Data ................................................. 10

   VII.   FTP (File Transfer Protocol) Submission ........................................................................... 10



# CFTC Data Delivery Standards

*Effective: June 14, 2018*

## General Instructions

Please send documents via overnight mail (1155 21st Street NW, Mailstop CPI, Washington, DC, 20581) or use the Commission's secure file transfer protocol ("FTP"); **do not produce any documents via the U.S. Postal Service**.  If you are interested in sending documents using FTP, email **eLaw-CPI@cftc.gov** and they will provide you with the Commission's FTP credentials upon request.  When sending documents via FTP, you **MUST** include the CFTC point of contact and a cover letter.

Electronic files must be produced in their native format, i.e., the format in which they are ordinarily used and maintained during the normal course of business. For example, an MS Excel file must be produced as an MS Excel file rather than an image of a spreadsheet.

(Note:  An Adobe PDF file is **not** considered a native file unless the document was initially created as a PDF.)

In the event produced files require the use of proprietary software not commonly found in the workplace, the CFTC will explore other format options with the producing party.

In regards to imaged collections, the use of file de-duplication methodologies in preparing productions is becoming more commonplace. If your production will be de-duplicated it is vital that you 1) preserve any unique metadata associated with the duplicate files, for example, custodian name, and, 2) make that unique metadata part of your production to the CFTC.

General requirements for **ALL** document productions are:

1. **Production of data via email is unacceptable.**
2. Reference the specific portion of the request to which you are responding, along with a summary of the number of files in the production, so that we can confirm everything is loaded into our review system.
3. All native file submissions must be organized **by custodian** unless otherwise instructed.
4. All load-ready collections should include only one data load file and one image pointer file.
5. All load-ready text must be produced as separate text files, not as fields within the .DAT file.
6. All load-ready collections should account for custodians in the custodian field.
7. Audio files should be separated from data files if both are included in the production.
8. The preferred method of submission is via File Transfer Protocol (FTP). (See details in Section IV on page 10.)
9. Large productions (any production above 10 GB) must be submitted to the CFTC on media such as a CD, DVD, thumb drive, or hard drive. The media must be clearly marked with the following:
   a. Matter name
   b. Producing party
   c. Production date
   d. Disk number (1 of X), if applicable
10. Only alphanumeric characters and the underscore character are permitted in file names and **folder names**.  Special characters are not permitted. Any data received with file names or folders with special characters, including the comma, will be rejected.  The combined length of the file path with folder and file name should not exceed 255 characters.



# CFTC Data Delivery Standards
*Effective:  June 14, 2018*

11. Include information within the cover letter regarding the time zone used, if emails or other electronic files were standardized during conversion.
12. If the submitted material returned at the conclusion of the investigation you must indicate that preference in writing when the material is produced, **and** the media on which it is provided *must* be encrypted.
13. All production data containing sensitive or personally identifiable information must be encrypted using FIPS 140 compliant software.
14. <u>Provide passwords for all password-protected files or hardware in a separate transmittal.</u>
15. All productions should be checked and produced free of computer viruses and malware. Productions containing viruses or malware may not be accepted and will require a new production.
16. If the production is created using Relativity, Duplicate Spare = No must not be applied.

## Electronic Discovery Protocols

If a producing party wants to employ winnowing techniques to reduce the volume of production material, then consultation with the CFTC attorney is required to define and agree upon the requirements and applied technology.  Thereafter, all productions made to the CFTC should reference the established protocol.  Such methodologies may include, but are not limited to, the following criteria:

- Data Sources
- Custodians
- Date Range(s)
- Search Terms
- Deduplication
- Email Threading Usage
- Early Case Assessment (ECA) Usage
- Technology Assisted Review (TAR)
- Other Criteria, including alternative forms of analytics

## Delivery Formats

### I.   Native File Production

Requirements for the production of native document files are listed below.

1. **Emails**:  Emails and attachments must be produced as PST, NSF, DBX, MBOX, or MSG files. The file name must include the name of the email custodian.  When a production consists of multiple custodians, a separate PST (or similar file) should be produced for each custodian.
2. **Account Statements**:  Account statements must be produced in the same format in which they were originally created and distributed.
3. **Instant Messages (IMs)**:  IMs should be produced in .PST format or a delimited text file which must include, at a minimum, the following fields:
   1) DATE
   2) TIME



# CFTC Data Delivery Standards
### *Effective:  June 14, 2018*

    3)  FROM
    4)  TO
    5)  CONVERSATION_TEXT
    6)  CONVERSATION_INDEX

Multiple conversations must be produced in a single file and a conversation index or similar unique string must be used to identify all threads of the same conversation. Field names must be included in the first row of the text file.

4. **Audio Files**:  Audio files from telephone recording systems must be produced in a format that is playable using Microsoft Windows Media Player™.  Types of audio files that will be accepted include:
   o Nice Systems audio files (.aud).  AUD files offer efficient compression and would be preferred over both NMF and WAV files.
   o Nice Systems audio files (.nmf).
   o WAV files
   o MP3, MP4
   o WMA
   o AIF

Produced audio files must be in a separate folder compared to other data in the production.

Additionally, the call information (metadata) related to each audio recording **must be produced if it exists**. The metadata must include, at a minimum, the following fields:
   1) CALLER_NAME or CALLER_ID:    Caller's name or identification number
   2) CALLING_NUMBER:    Caller's phone number
   3) FILENAME:    Filename of audio file
   4) DATE:    Date of call
   5) TIME:    Time of call
   6) CALLED_PARTY:    Name of the party called
   7) CALLED_NUMBER:    Called party's phone number

The filename is used to link the metadata to the produced audio file. The file name in the metadata and the file name used to identify the corresponding audio file must match exactly. The metadata file must be produced in delimited text format. Field names must be included in the first row of the text file.  A sample .DAT file containing only a few fields for illustration purposes is depicted below:

| Type | Audio_Tr … | CALLER_ID | CUSTODIAN | DATE | TIME | CALLED_NUMBER | |
|---|---|---|---|---|---|---|---|
| | 07/09/2007  09:33:03 | Speakers | | Doe, Jane | 07/09/2007 | 09:32:42 | |
| | 07/17/2007  09:17:36 | Speakers | | Doe, Jane | 07/17/2007 | 09:17:24 | |
| | 10/12/2007  08:13:12 | Speakers | | Doe, Jane | 10/12/2007 | 08:12:47 | |
| | 10/12/2007  08:18:51 | Speakers | | Doe, Jane | 10/12/2007 | 08:18:19 | |
| | 12/05/2007  07:12:14 | Speakers | | Doe, Jane | 12/05/2007 | 07:11:58 | |
| | 12/17/2007  08:40:17 | Speakers | | Doe, Jane | 12/17/2007 | 08:40:09 | |
| | 12/31/2007  09:39:12 | Speakers | | Doe, Jane | 12/31/2007 | 09:39:00 | |

5. **Video Files**: Video files must be produced in a format that is playable using Microsoft Windows Media Player™ along with any available metadata.  If it is known that the



# CFTC Data Delivery Standards
*Effective:  June 14, 2018*

video files do not contain associated audio, indicate this in the accompanying transmittal letter.  Types of video files accepted include:
- MPG
- AVI
- WMV
- MOV
- FLV

6. **Transcripts**:  Legal transcripts must be produced electronically in manuscript form with line numbers and page numbers. The preferred format is plain text (ASCII), although LiveNote and Summation formats are acceptable.

## II.  Imaged Collections

While the CFTC accepts imaged productions in addition to native formats, imaged productions without native formats are not permitted unless the original document only exists in hard copy form.   When images are produced, they must comply with the requirements below.

**\*\*\*The use of file de-duplication methodologies in preparing productions is becoming more commonplace. If your production will be de-duplicated it is vital that you 1) preserve any unique metadata associated with the duplicate files, for example, custodian name, and, 2) make that unique metadata part of your production to the CFTC.\*\*\***

Note:  Adobe PDF files are **not** acceptable as imaged productions.  PDF files are acceptable only when the document content was initially created as a PDF (e.g., fillable PDF forms) and not converted from another format.

### 1. Images

a. Black and white images must be 300 DPI Group IV single-page TIFF files.
b. Color images must be produced in JPEG format.
c. File names cannot contain embedded spaces or special characters (including the comma).
d. Folder names cannot contain embedded spaces or special characters (including the comma).
e. All image files must have a unique file name.
f. Images must be endorsed with sequential Bates numbers in the lower right corner of each image.
g. The number of TIFF files per folder should not exceed 500 files.
h. TIFF images of Excel spreadsheets are not useful for review purposes; because the imaging process can often generate thousands of pages per file, a placeholder image, named by the *IMAGEID* of the file, should be used instead, and the native Excel file should be produced.



# CFTC Data Delivery Standards
### *Effective: June 14, 2018*

2. **Concordance Image® Cross-Reference File**

The image cross-reference file is needed to link the images to the database. It is a comma-delimited file consisting of seven fields per line. There must be a line in the cross-reference file for every image in the database.

The format is as follows:

*ImageKey,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCount*

| | |
|---|---|
| *ImageKey:* | This is the unique designation that Concordance and Concordance Image and Relativity use to identify and retrieve an image. This value may be the same as the Bates number endorsed on each image. |
| *VolumeLabel:* | Leave this field empty. |
| *ImageFilePath:* | This is the full path to the image file on the produced storage media. |
| *DocumentBreak:* | This field is used to delineate the beginning of a new document. If this field contains the letter "Y," then this is the first page of a document. If this field is blank, then this page is not the first page of a document. |
| *FolderBreak:* | This field is used to delineate the beginning of a new folder in the same manner as the *DocumentBreak* field. If this information is not available, then it may be left empty. |
| *BoxBreak:* | This field is used to delineate the beginning of a new box in the same manner as the *DocumentBreak* and *FolderBreak* fields. If this information is not available, then it may be left empty. |
| *PageCount:* | Leave this field empty. |
| Sample | LA-0000001,,E:\001\ LA-0000001.TIF,Y,,,<br>LA-0000002,,E:\001\ LA-0000002.TIF,,,,<br>LA-0000003,,E:\001\ LA-0000003.TIF,Y,,,<br>LA-0000004,,E:\001\ LA-0000004.TIF,,,,<br>LA-0000005,,E:\001\ LA-0000005.TIF,,,, |

3. **Data File**

The data file (.DAT) contains all of the fielded information that will be loaded into the *Concordance®* or *Relativity®* database.
   a. The first line of the .DAT file must be a header record identifying the field names.
   b. The .DAT file must use the following *Concordance®* default delimiters:

| Comma | | ASCII character 20 |
|---|---|---|
| Quote | þ | ASCII character 254 |
| Newline | ® | ASCII character 174 |

   c. Date fields should be provided in the format: MM/DD/YYYY.



# CFTC Data Delivery Standards
*Effective: June 14, 2018*

---

d. If the production includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments.

e. A TEXTPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the Begno. Do not include the text in the .DAT file.

f. For production with native files, a NATIVELINK field must be included to provide the file path and name of the native file on the produced storage media.

g. BegAtt and EndAtt fields must be two separate fields.

h. DateSent and TimeSent fields must be two separate fields.

i. All text and metadata associated with the document collection must be produced.

Sample of .DAT file (only includes a sample of fields)

```
þBegnoþþBegAttachþþEndAttachþþFileDescripþþFilenameþþRecordTypeþ
þEML-0030437þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030438þþþþþþOutlook Data FileþþRE: Your Question.htmþþþ
þEML-0030439þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030440þþþþþþOutlook Data FileþþLook.htmþþE-MAILþþþ
þEML-0030441þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030442þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030443þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030444þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030445þþþþþþOutlook Data FileþþATTN.htmþþE-MAILþþþ
þEML-0030446þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030447þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030448þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
```

The metadata for the document collection should be provided in a .DAT file using the field definition and formatting described below:

| Field | Description | Field Type | Required |
|-------|-------------|-----------|----------|
| Begno | Displays the document identifier of the first page in a document or the entire document of an E-Doc. | Text | Yes |
| Endno | Page ID of the last page in a document (for image collections only). | Text | Yes for Image Collections |
| BegAttach | Displays the document identifier of a parent record. Must be separate from EndAttach field. | Text | If it Exists |
| EndAttach | Displays the document identifier of the last attached document in a family. Must be separate from BegAttach field. | Text | If it Exists |
| PgCount | Number of pages in a document (for image | Text | Yes for Image |



# CFTC Data Delivery Standards

*Effective:  June 14, 2018*

| Field | Description | Field Type | Required |
|---|---|---|---|
| | collections only). | | Collections |
| FileDescription | Description of a native file type. | Text | Yes |
| Filename | Original filename of a native file, | Text | Yes for Documents |
| RecordType | Displays the record type for each entry in the load file. | Text | Yes |
| ParentID | Displays the document identifier of the attachment record's parent (only for attachments). | Text | If it Exists |
| NumAttach | Total number of records attached to the document. The value will always be 0 (zero) for the actual attachment records. | Text | If it Exists |
| Attachmt | Populates parent records with document identifier of each attached record and is separated by semi-colons. | Text | If it Exists |
| Custodian | The owner of the record. | Text | Yes |
| From | Author of the e-mail message. | Text | Yes for email |
| To | Main recipient(s) of the e-mail message. | Text | Yes for email |
| CC | Recipient(s) of "Carbon Copies of the e-mail message. | Text | If it Exists |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. | Text | If it Exists |
| EMail_Subject | Subject of the e-mail message. | Paragraph | Yes for email |
| DateSent | Sent date of an e-mail message.  Must be separate from TimeSent field. | MM/DD/YYYY | Yes for email |
| TimeSent | Time the e-mail message was sent. Must be separate from DateSent field. | Text | Yes for email |
| IntMsgID | Internet Message ID assigned to an e-mail message by the outgoing mail server. | Text | If it Exists |
| ConversationIndex | This is a 44 character string of numbers and letters that is created in the initial email and which as 10 characters added for each reply or forward of an email. | Text | Yes for email |
| Conversation Family | E-mail thread identification.  Relational field for Conversion threads. | Text | Yes for email |
| EntryID | Unique identifier of e-mails in mail stores. | Text | If it Exists |
| Author | Author value pulled from metadata of the native file. | Text | If it Exists |
| Organization | Company extracted from metadata of the native file. | Text | If it Exists |
| Subject | Subject value extracted from metadata of the native file. | Paragraph | If it Exists |
| DateCreated | Creation date of the native file. | MM/DD/YYYY | If it Exists |
| DateLastMod | Date the native file was last modified. | MM/DD/YYYY | If it Exists |
| DateLastPrnt | Date the native file was last printed. | MM/DD/YYYY | If it Exists |
| MD5Hash | MD5 hash value. | Text | Yes |
| EDSource | Fully qualified original path to the source folder, files, and/or mail stores. | Text | Yes |



# CFTC Data Delivery Standards
### *Effective: June 14, 2018*

| Field | Description | Field Type | Required |
|-------|-------------|------------|----------|
| NativeFile | Hyperlink to the native file. | Text | Yes |
| Textpath | Extracted text path. | Paragraph | Yes |
| Imagkey | Page ID of the first page of a document (for image collections only). Should be the same as the Begno field. | Paragraph | Yes |
| + Any other fields considered relevant by the producing party. | | | |

### 4. Text

Text must be produced as separate text files, not as fields within the .DAT file. If text is included in the .DAT file as a field, the production will be rejected. Extracted text must be in a separate folder, one text file per document. The files must be named the same as the Begno field. The number of files per folder should not exceed 500 files. There should be no special characters (including commas in the folder names).

### 5. Linked Native Files

Copies of original email and native file documents/attachments must be included for all electronic productions.
   a. Native file documents must be named per the Begno field.
   b. The full path of the native file must be provided in the .DAT file for the NativeFile field.
   c. The number of native files per folder should not exceed 500 files.
   d. There should be no special characters (including commas in the folder names).

## III.   Productions of Adobe PDF Files

PDF files are not substitutions for native files, as metadata is lost when PDFing native files.  PDF productions that are produced as native productions will be rejected unless the files were originally created using Adobe (e.g., fillable electronic PDF forms) or prior agreement is reached with the designated CFTC attorney.  In those exceptions, PDF productions should adhere to the following guidelines:

1. PDF files should be produced in separate folders named by the custodian. The folders should not contain any special characters (including commas).
2. All PDFs must be unitized at the document level, i.e., each PDF should represent a discrete document; **a PDF cannot contain multiple documents. PDF packages will be rejected.**
3. All PDF files must contain embedded text that includes all discernible words within the document, not selected text or image only. This requires all layers of the PDF to be flattened first.
4. If PDF files are Bates endorsed, the PDF files must be named by the Bates range.



# CFTC Data Delivery Standards
*Effective: June 14, 2018*

## IV.   Productions of Website Content

Website content must be produced in native format and viewable in common web browsers (e.g. Internet Explorer, Mozilla Firefox, and Google Chrome) without the use of any additional third party software. If the only existing state of a website is in source code form, the party must produce a fully compiled version of the website in addition to the website source code with documentation of the process used to render, compile, and/or restore the website to an easily viewable form.

## V.   Productions of Forensic Images of Computer Media

Forensic images must be produced in a common/standard format to include (E01, Ex01, L01, Lx01, AD1, Raw Bitstream, and S01). An inventory of any original computer media must be provided with the image files. All associated log files from any forensic acquisition must be produced with the image files. The log files must contain a hash value, at a minimum (MD5, SHA-1, or higher), for authentication purposes. A chain of custody document must be provided to ensure the integrity of any digital evidence.

## VI.   Productions of Forensically Acquired Mobile Device Data

Forensically acquired mobile device data must be provided in the original format of the software/hardware used to capture the data. All original logs and authentication reports must also be provided with the respective data.

## VII.   FTP (File Transfer Protocol) Submission

The preferred method for producing data is via FTP. The CFTC has an FTP site set up that will allow transfer of data up to 2 GB per transmission.

If you are interested in sending documents using FTP, email **eLaw-CPI@cftc.gov** and they will provide you with the Commission's FTP credentials upon request.  When sending documents via FTP, you **MUST** include the CFTC point of contact and a cover letter.

**EXHIBIT 5**

Proof of Delivery on March 6, 2020

`

3/9/2020                                      Tracking Details | UPS

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**

1ZA4796A2591635738

**Weight**

0.00 LBS

**Service**

UPS Next Day Air®

**Shipped / Billed On**

03/05/2020

**Delivered On**

03/06/2020 12:38 P.M.

**Delivered To**

AURORA, CO, US

**Received By**

HUGGINS

**Left At**

Office

Thank you for giving us this opportunity to serve you. Details are only available for shipments delivered within the last 120 days. Please print for your records if you require this information after 120 days.

Sincerely,

UPS

Tracking results provided by UPS: 03/09/2020 11:40 A.M. EST

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of March, 2020, I caused a true and correct copy of the foregoing to be filed electronically and served by UPS Overnight Courier on the following party:

Breonna S. Clark (*pro se*)
2538 South Anaheim Street, #302
Aurora, CO 80014-1474
Telephone: 303-817-3552
E-mail:  bdansimon89@gmail.com; clarkbre@aol.com, thetattedinvestor@gmail.com; info@ventureci.com; E.clark12311@gmail.com;  elliotclark@ventureci.com; eclark.12311@gmail.com