**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-CV-0382-MEH

COMMODITY FUTURES TRADING COMMISSION,

       Plaintiff,

v.

VENTURE CAPITAL INVESTMENTS LTD. and BREONNA S. CLARK, a/k/a Eliot lark a/k/a Alexander Pak d/b/a Venture Capital Investments and The Life Group,

       Defendants.

**[PROPOSED] SCHEDULING ORDER**

**1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

The Scheduling Conference is scheduled for April 8, 2020, commencing at 10:15 a.m. in Courtroom A-501, Fifth Floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. The following individuals will participate in the conference:

**Attorneys for Plaintiff Commodity Futures Trading Commission ("CFTC" or "Plaintiff"):**

Kim G. Bruno, Senior Trial Attorney
Michael Solinsky, Chief Trial Attorney
1155 21st Street, NW,
Washington, D.C., 20581
Telephone:  (202) 418-5368 (Mr. Bruno) and x5384 (Mr. Solinsky)
Facsimile:  (202) 818-3111
E-mail:  kbruno@cftc.gov,
         msolinsky@cftc.gov

**Attorneys for Defendant Venture Capital Investments, Ltd. ("VCI") and Breonna S. Clark, et al, ("Clark");**

Breonna S. Clark (*pro se*)
2538 South Anaheim Street, #302
Aurora, CO 80014-1474
Telephone: 303-817-3552
E-mail:  bdansimon89@gmail.com; clarkbre@aol.com, thetattedinvestor@gmail.com;
info@ventureci.com; E.clark12311@gmail.com; elliotclark@ventureci.com;
eclark.12311@gmail.com

## 2. STATEMENT OF JURISDICTION

This Court has personal jurisdiction over the Defendants because Congress provided for nationwide service of process in Section 6c(e) of the Commodity Exchange Act ("Act")), 7 U.S.C.A. § 13a-1(e) (2018).   VCI, a limited liability company, was properly served in compliance with Fed. R. Civ. P.  4(c)(2) and Colorado Rules of Civil Procedure, C.R.C.P. Rule 4(e)(4)(A), by service on Clark, Defendant VCI's principal and manager, on February 18, 2020 (ECF #s 6&12).  VCI's registered agent was also served on February 27, 2020 (ECF #7). Defendant Clark was properly served in her personal capacity on February 18, 2020 (ECF #8).

The  Court  also  has  subject  matter  jurisdiction  over  this  matter  pursuant  to 28 U.S.C. § 1331 (2018) (codifying federal question jurisdiction) and 28 U.S.C. § 1345 (2018) (providing that U.S. district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress).  In addition, Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2018), authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in an act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.  Section 2(c)(2)(C)(vii) of the Act, 7 U.S.C. § 2(c)(2)(C)(vii) (2018), provides the CFTC with jurisdiction over the forex solicitations and transactions at issue in this action.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a.  Plaintiff's Claims Against Defendants VCI and Clark:**

Plaintiff asserts four causes of actions against VCI and Clark:

(1) The CFTC alleges that VCI and Clark committed fraud as a Commodity Pool Operator ("CPO") and Commodity Trading Advisor ("CTA") in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1) (2018). As described in detail in the CFTC's Complaint, VCI and Clark directly violated 7 U.S.C. § 6o(1)(A)-(B)(2018) while acting as CPOs and CTAs because they, among other things, intentionally or recklessly: (1) misappropriated pool participant funds; (ii) made material misrepresentations about Defendants' trading expertise, track record, profitability, and minimized the risk of loss; and (3) created and distributed to pool participants fabricated account statements. Moreover, because Clark and other officers, employees, and agents of VCI violated the Act within the course or scope of their employment or office with VCI, VCI is liable as a principal for such actions. Finally, because Clark held and exercised direct and indirect control over VCI, Clark is liable for VCI's violations.

(2) The CFTC's second cause of action alleges fraud by deceptive device or contrivance in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2018) and 17 C.F.R. § 180.1(a) (2019). As set forth in the CFTC's Complaint, the Defendants violated 7 U.S.C. § 9(1)(2018) and 17 C.F.R. §180.1(a)(2019) in connection with contracts of sale of commodities in interstate commerce by, among other things: (1) misappropriating pool participant funds; (ii) making material misrepresentations about Defendants' trading expertise, track record, profitability, and minimizing the risk of loss; and (3) creating and distributing to pool participants fabricated account statements. Moreover, because Clark and other officers, employees, and agents of VCI violated the Act within the course or scope of their employment or office with VCI, VCI is liable as a principal for such actions. Finally, because Clark held and exercised direct and indirect control over VCI, Clark is liable for

VCI's violations.

(3) The CFTC's third cause of action alleges that Defendants failed to register as a CPO in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2018) and 17 C.F.R. § 5.3(a)(2)(i) (2019). Defendant Clark, during the period from at least March 1, 2018 to April 2, 2018 and October 17, 2018 to June 30, 2019, acted as a CPO. Further, from April 3, 2018 to October 17, 2018, VCI acted as a CPO. During these time frames, without having registered as CPOs, Clark and VCI solicited and accepted funds for a pooled investment vehicle from non-Eligible Contract Participants ("ECPs") for the purpose of engaging in retail forex transactions thereby violating 7 U.S.C. § 6m(1)(2018) and 17 C.F.R. § 5.3(a)(2)(i)(2019). Moreover, because Clark and other officers, employees, and agents of VCI violated the Act within the course or scope of their employment or office with VCI, VCI is liable as a principal for such actions. Finally, because Clark held and exercised direct and indirect control over VCI, Clark is liable for VCI's violations.

(4) The CFTC's fourth cause of action alleges Defendant Clark failed to register as a CTA in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2018) and 17 C.F.R. § 5.3(A)(3)(I) (2019). Clark acted as a CTA because for compensation or profit, Clark advised pool participants who were not ECPs on trading retail forex. In addition, Clark acted as a CTA because Clark exercised discretionary trading authority or obtained written authorization to exercise discretionary trading authority over pool accounts for or on behalf of persons who were not ECPs in connection with retail forex transactions. Moreover, because Clark and other officers, employees, and agents of VCI violated the Act within the course or scope of their employment or office with VCI, VCI is liable as a principal for such actions.

    **b.**    **DEFENSES**

Defendants have not raised any defenses at this stage of the case.

**4.    UNDISPUTED FACTS**

There are no undisputed facts at this stage of the case.

**5.    COMPUTATION OF DAMAGES**

Pursuant to Section 6(d)(a) of the Act, 7 U.S.C. §13a-1(d)(1), and Commission Regulation 143.8, 17 C.F.R. § 143.8, the Commission seeks damages in the amount of $165,227 per violation or triple the monetary gain to Defendants for each violation of the Act.  As described above, the Commission has alleged that Defendants, from at least March 1, 2018 through at least June 30, 2019 ("Relevant Period"), violated four provisions of the Act for fraud, misappropriation and failing to register as a CPO and CTA during the Relevant Period.  Each act of misappropriation, misrepresentation of material fact, and issuance of a false report, including but not limited to those specifically alleged in the Complaint, is alleged as a separate and distinct violation.

**6.    REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)**

a.    **Date of Rule 26(f) meeting.**

Despite Plaintiff's efforts detailed in its *Notice of Plaintiff's Compliance With The Court's February 14, 2020 Order* (ECF #15), the parties have not yet conferred.  The Clerk of the Court entered a default against Clark on March 17, 2020 (ECF # 13) and VCI on March 23, 2020 (ECF # 23).  Plaintiff will produce its initial disclosures to Defendants under Fed. R. Civ. P. § 26(a)(1)(A) on or before April 3, 2020.

b.    **Names of each participant and party he/she represented at the Rule 26(f) Conference.**

1. Attorneys for CFTC:

    Kim G. Bruno, Senior Trial Attorney
    Michael Solinsky, Chief Trial Attorney
    1155 21st Street, NW,
    Washington, D.C., 20581
    Telephone: (202) 418-5368 (Mr. Bruno) and x5384 (Mr. Solinsky)
    Facsimile: (202) 818-3111
    E-mail: kbruno@cftc.gov, msolinsky@cftc.gov

2. Attorneys for VCI:
   Unknown

3. Attorneys for Clark:
   Unknown

  c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The CFTC anticipates that the Parties' Rule 26(a)(1) disclosures, including the production of all non- confidential documents and materials, will be made at or within twenty-one (21) days after the presumptive time of the parties' Rule 26(f) conference but no later than April 3, 2020. Due to the sensitive nature of the information at issue in this dispute, Plaintiff states that any information that could be considered "confidential" be produced within seven (7) days after the entry of a Protective Order. The anticipates it will file a protective order when necessary.

  d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties did not agree to any change in the timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1), subject to Section 6(c) above.

  e. **Statement concerning any agreements to conduct informal discovery.**

No other informal discovery was conducted or agreed to.

  f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The CFTC recommends using a unified exhibit numbering system. As of this date, no

other specific procedures have been suggested by any party. The CFTC anticipates that all Parties shall be required to bates label documents disclosed and make an electronic copy of their disclosure documents available to all other parties by way of USB flash drive, external hard drive, compact disk, file sharing service or other similar electronic means of transfer. Parties may charge for the reasonable cost of copying discs or hard drives when disclosing documents electronically. However, the CFTC anticipates that the Parties may not charge for the cost of scanning disclosed documents.

> **g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form**.

The CFTC anticipates that its claims or defenses will involve some electronically stored information, which may be extensive, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. The CFTC anticipates that the Parties will agree to abide by the CFTC Data Delivery Standards, attached as Exhibit A, but, despite the CFTC's good faith efforts, Defendants have not responded to the contacts from the CFTC requesting they comply with the Court's Order.

> **h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The CFTC anticipates that the Parties will participate in good-faith attempts to settle the case but, despite the CFTC's good faith efforts, Defendants have not responded to the contacts from the CFTC requesting they comply with the Court's Order.

### 7.   CONSENT

The parties do not consent to the exercise of jurisdiction of a magistrate judge and have advised the Court by separate filing.

All parties    □ [have]    X    [have not] consented to the exercise of jurisdiction of

a magistrate judge.

### 8. DISCOVERY LIMITATIONS

    **a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

With respect to interrogatories, the CFTC anticipates applying the presumptive limits of Fed. R. Civ. P. 33(a)(1). Each party may serve no more than twenty-five (25) interrogatories on any other party absent further leave of Court.

With respect to depositions, the CFTC anticipates that the Parties shall agree that each Party shall be entitled to depose one Fed. R. Civ. P. 30(b)(6) witness or a specifically identified representative of each other Party. Additionally, the CFTC anticipates that each Party is entitled to six (6) additional fact witness depositions, which may include a non-party witness or a party witness. If more than one individual is designated in response to a Fed. R. Civ. P. 30(b)(6) deposition notice, only one witness will be counted toward the noticing party's deposition allotment. Each party is also entitled to depose any or all of each other party's disclosed expert witness(es). The CFTC anticipates that each Party reserves the right to seek permission from the Court to depose additional witnesses upon good cause shown.

The CFTC anticipates, subject to an award of costs, the expert witness fees of all expert depositions shall be paid by the party who noticed the deposition, with the exception of preparation and travel time, which shall be paid, if at all, by the party retaining the expert. Each party whose counsel questions an expert witness during that expert's deposition, including the party who retained the expert, shall be responsible for a pro rata share of the expert's deposition fee (payable to the noticing party) based on the length of time each counsel questions the expert; provided, however, that the noticing counsel, not the expert, is responsible for collecting sums owed by other parties.

    **b. Limitations which any party proposes on the length of depositions.**

With the exception of Breonna Clark who may be deposed in her personal capacity and as the controlling person of VCI for two days and up to fourteen (14) hours, absent the agreement of counsel, or an order by the Court for good cause shown, a deposition of any witness disclosed under Fed. R. Civ. P. 26(a)(2) otherwise shall be limited to one day of up to seven (7) hours.

    **c.**    **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The CFTC does not anticipate proposing to vary the presumptive number of requests for production and/or requests for admission. The parties agree that each party shall be entitled to serve no more than 25 requests for admission (exclusive of requests as to the authenticity of documents) and 25 requests for production of documents on each other party. Each Party reserves the right to seek permission from the Court to serve additional requests for production and/or requests for admission upon good cause shown.

    **d.**    **Other Planning or Discovery Orders.**

Before filing a motion for an order relating to discovery, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov. See Fed. R. Civ. P. 16, cmt. 2015 Amendment.

    **9.**    **CASE PLAN AND SCHEDULE**

    **a.**    **Deadline for Joinder of Parties and Amendment of Pleadings:**

The CFTC anticipates that the Parties shall agree that the deadline to join parties and amend pleadings shall be no later than forty-five (45) days from the Scheduling Order.

    **b.**    **Discovery Cut-off:**

The CFTC anticipates that the Parties will agree that the cut-off for all discovery, including both fact and expert deposition, shall be 180 days from the Scheduling Order.

    **c.    Dispositive Motion Deadline:**

The CFTC anticipates that the parties shall agree that the Dispositive Motion Deadline shall be 240 days from the Scheduling Order, subject to order by the Court on good cause shown, and Fed. R. Civ. P. 56(d).

    **d.    Expert Witness Disclosure**

        **1.    The parties shall identify anticipated fields of expert testimony, if any.**

        At this time, the CFTC does not anticipate retaining experts.

        **2.    Limitations which the parties propose on the use or number of expert witnesses.**

        Not applicable.

        **3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

        Not applicable.

        **4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

        The CFTC does not anticipate that either Party will retain rebuttal experts.

        **5.    Identification of Persons to Be Deposed:**

            1.    The CFTC intends to depose the following persons:

                a.    Breonna Clark (personal capacity and as manager and sole operator of VCI.

                b.    Tania Chick

                c.    Aaron Johnson

                d.    Charlotte Warren

                e.    Angela Preston

With the exception of Breonna Clark, who would be deposed in her personal capacity and as controlling person of VCI over a two day period with no day exceeding (7) seven hours, the CFTC anticipates that it will not need longer than seven (7) hours of deposition time for each of the above-identified entities and/or individuals.

### 6. Deadline for Service of Interrogatories:

The CFTC anticipates that the parties shall agree that all interrogatories shall be served by 33 days prior to close of discovery.

### 7. Deadline for Service of Requests for Production of Documents and/or Admissions:

The CFTC anticipates that the parties shall agree that all requests for the production of documents and/or admissions shall be served by 33 days prior to close of discovery.

### 10. DATES FOR FURTHER CONFERENCES

[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]

a. Status conferences will be held in this case at the following dates and times:

April 8, 2020 at 10:00 o'clock a.m. for purposes of determining the status of the case.

b. A final pretrial conference will be held in this case on _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

**a. Identify any discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

The CFTC is not aware on any such issues.

**b. Anticipated length of trial and whether trial is to the court or jury.**

Due to the fact that the Defendants have not responded to the Court's directives to confer or to the CFTC's entreaties to respond and are in default, the CFTC is unable to anticipate the length of a trial. The CFTC anticipates that the trial will be before a judge.

      **c.**      **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wasatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.**

The CFTC does not anticipate that any pretrial proceedings may be more efficiently or economically conducted in these other District Court facilities at this time.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ___ day of April, 2020.

BY THE COURT:

_____
Michael E. Hegarty
United States Magistrate Judge

**APPROVED:**

*Kim G. Bruno*
Kim G. Bruno, Senior Trial Attorney
Michael Solinsky, Chief Trial Attorney
1155 21st Street, NW,
Washington, D.C., 20581
Telephone:   (202) 418-5368 (Mr. Bruno) and x5384 (Mr. Solinsky)
Facsimile:   (202) 818-3111
E-mail:         kbruno@cftc.gov,
                    msolinsky@cftc.gov

Plaintiff
Commodity Futures Trading Commission

Defendants are currently in default

Breonna S. Clark (*pro se*)
2538 South Anaheim Street, #302
Aurora, CO 80014-1474
Telephone: 303-817-3552
E-mail:  bdansimon89@gmail.com; clarkbre@aol.com, thetattedinvestor@gmail.com; info@ventureci.com; E.clark12311@gmail.com; elliotclark@ventureci.com; eclark.12311@gmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 30th day of March, 2020, I caused a true and correct copy of the foregoing **PROPOSED SCHEDULING ORDER** was filed electronically and served electronically on the following parties via CM/ECF and by overnight mail:

Breonna S. Clark (*pro se*)
2538 South Anaheim Street, #302
Aurora, CO 80014-1474
Telephone: 303-817-3552
E-mail:  bdansimon89@gmail.com; clarkbre@aol.com, thetattedinvestor@gmail.com; info@ventureci.com; E.clark12311@gmail.com;  elliotclark@ventureci.com; eclark.12311@gmail.com

                                                      *s/s Kim G. Bruno*
                                                      Kim G. Bruno
                                                      Sr. Trial Attorney

EXHIBIT A

CFTC DATA DELIVERY STANDARDS