# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-CV-0382-DDD-MEH

COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

VENTURE CAPITAL INVESTMENTS LTD. and BREONNA S. CLARK, a/k/a Eliot Clark a/k/a Alexander Pak d/b/a Venture Capital Investments and The Life Group,

    Defendants.

---

**PLAINTIFF'S MOTION FOR FINAL JUDGMENT BY DEFAULT, PERMANENT INJUNCTION, CIVIL MONETARY PENALTIES, RESTITUTION AND OTHER STATUTORY AND EQUITABLE RELIEF AGAINST DEFENDANTS VENTURE CAPITAL INVESTMENTS LTD. and BREONNA S. CLARK**

---

Plaintiff Commodity Futures Trading Commission ("Plaintiff" or "CFTC"), pursuant to Federal Rule of Civil Procedure 55(b) and LCivR 7.1, hereby moves this Court to enter a Default Judgment and Order of Permanent Injunction, Civil Monetary Penalties, Restitution and Other Equitable Relief ("Default Judgment Order") against Venture Capital Investments Ltd. ("VCI") and Breonna S. Clark ("Clark") (collectively "Defendants ") for their failure to plead or otherwise defend this action.  As set forth more fully in the accompanying Memorandum of Points and Authorities, the undisputed facts prove, from at least March 1, 2018 through at least June 30, 2019 ("Relevant Period"): (1) VCI, through Clark and others, and Clark directly, fraudulently solicited and received at least $534,829 from at least seventy-two individuals ("pool participants"); (2) Defendants also misappropriated at least $450,302 of pool participants' funds to pay for personal expenses and to make Ponzi-type payments to other pool participants; (3) at

no time during the Relevant Period was VCI or Clark registered with the CFTC as a commodity pool operator ("CPO") nor was Clark registered as a commodity trading advisor ("CTA"); (4) by and through these actions and other acts described in the CFTC's well-pleaded complaint, Defendants engaged, are engaging in, and/or are about to engage in acts and practices in violation of Sections 4o(1)(A) and (B), 4m(1), and 6(c)(1) of the Act, 7 U.S.C. §§ 6o(1)(A), (B), 6m(1), 9(1) (2018); and CFTC Regulations 5.3(a)(2) and (3) and 180.1(a), 17 C.F.R. §§ 5.3(a)(2), (3), 180.1(a) (2019); and (5) a final judgment by default should be entered against Defendants VCI and Clark as a matter of law.

On February 14, 2020, Plaintiff filed a Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief ("Complaint") against Defendants VCI and Clark(ECF #1). On February 18, 2020, Defendants VCI and Clark were served personally with the summons, complaint and court orders [ECF ##6, 8 and 10] and VCI was also served, on February 27, 2020, at its registered agent's address in Las Vegas, Nevada. [ECF #7].  Neither VCI nor Clark has answered the allegations made in the Complaint and the Clerk of the Court entered defaults against Clark on March 17, 2020 [ECF #13] and VCI on March 23, 2020 [ECF #23].  On April 23, 2020, Judge Daniel D. Domenico issued a Minute Order directing that the CFTC may file a motion for default judgment no later than May 22, 2020.  [ECF #26].

As shown in the accompanying Memorandum of Points and Authorities, the CFTC is entitled to final default judgment as a matter of law.  The CFTC's motion is based upon the well-pleaded Complaint, pleadings, affidavits, and undisputed facts, presented in connection with the filing of this matter.

**Plaintiff's Certification of Compliance with D.C. Colo. LCivR 7.1(a)**

As required by D.C. Colo. LCivR 7.1(a), the undersigned counsel made the following reasonable good faith efforts to confer with Defendants. On February 25, 2020, the CFTC sent by overnight courier and emails to Defendants reminding them that Judge Hegarty's February 14, 2020 Minute Order directed the parties to meet and confer regarding the filing of a proposed Scheduling Order. Defendants did not respond. On March 5, 2020, the CFTC reminded Defendants by overnight courier and emails that they had been served with Complaint, Summons and other documents and asked them to contact the CFTC to confer regarding the attached draft scheduling order. The CFTC reminded Defendants that proceeding *pro se* did not excuse a failure to comply with the Court's directives. The Defendants did not respond. On April 3, the Division notified Defendants by overnight courier and emails that, as required by Fed. R. Civ. P. 26(a)(1), the CFTC was ready to send the CFTC's initial disclosures. The CFTC also enclosed in the letter the Clerk of the Court's entry of defaults against Defendants. The Defendants did not respond. Finally, on May 18, the CFTC reminded Defendants, by email and overnight courier, of the parties' duty to confer regarding the CFTC's motion for a default judgment. Again, Defendants failed to respond.

Date:   May 22, 2020                                   Respectfully submitted:

/s/ Kim G. Bruno

Kim G. Bruno, Senior Trial Attorney
Michael Solinsky, Chief Trial Attorney
1155 21st Street, NW,
Washington, D.C., 20581
Telephone:   (202) 418-5368 (Mr. Bruno)
and x5384 (Mr. Solinsky)
Facsimile:    (202) 818-3111
E-mail:  kbruno@cftc.gov,
msolinsky@cftc.gov

Plaintiff
Commodity Futures Trading Commission

I, Kim G. Bruno, hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

4

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 22nd day of May, 2020, I caused a true and correct copy of the foregoing to be filed electronically and served by UPS Overnight Courier on the party below:

Breonna S. Clark (*pro se*)
2538 South Anaheim Street, #302
Aurora, CO 80014-1474

E-mail:  bdansimon89@gmail.com; clarkbre@aol.com, thetattedinvestor@gmail.com; info@ventureci.com; E.clark12311@gmail.com;  elliotclark@ventureci.com; eclark.12311@gmail.com

              */s Kim G. Bruno*
              Kim G. Bruno
              Sr. Trial Attorney