## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-CV-0382-DDD-MEH

COMMODITY FUTURES TRADING COMMISSION,

      Plaintiff,

v.

VENTURE CAPITAL INVESTMENTS LTD. and BREONNA S. CLARK, a/k/a Eliot Clark a/k/a Alexander Pak d/b/a Venture Capital Investments and The Life Group,

      Defendants.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT, PERMANENT INJUNCTION, AND ANCILLARY EQUITABLE RELIEF AGAINST DEFENDANTS VENTURE CAPITAL INVESTMENTS LTD. and BREONNA S. CLARK**

EXHIBIT 2

CITED UNPUBLISHED OPINIONS

*Williams v. Smithson,* 57 F.3d 1081 (10th Cir. 1995)
*Commodity Futures Trading Com'n v. Driver*, 585 Fed.Appx. 366 (9th Cir. 2014)

57 F.3d 1081
Unpublished Disposition
NOTICE: THIS IS AN UNPUBLISHED OPINION.
(The Court's decision is referenced in a
"Table of Decisions Without Reported
Opinions" appearing in the Federal Reporter.
See CTA 10 Rule 32.1 before citing.)
United States Court of Appeals, Tenth Circuit.

Dennis L. WILLIAMS, Plaintiff-Appellant,
v.
Jack SMITHSON, Cherokee County
Deputy; Andy Sellars, Cherokee
County Sheriff, Defendants-Appellees.

No. 95-7019.
|
(D.C. No. CIV-94-219)
|
June 20, 1995.

ORDER AND JUDGMENT [1]

Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges. [2]

**Opinion**

 **\*1** Plaintiff Dennis L. Williams appearing pro se appeals the district court's order dismissing his 42 U.S.C.1983 complaint pursuant to Fed.R.Civ.P. 12(b)(6). We exercise jurisdiction under 28 U.S.C. 1291 and affirm.

On April 8, 1994, Plaintiff filed a complaint alleging Defendants violated his due process rights, right to a speedy trial, and extradition laws. Plaintiff also asserted that the conditions of the Cherokee County, Oklahoma jail were "below the standards set for keeping a animal".

On May 12, 1994, a U.S. Marshall served Defendants with a summons and copy of Plaintiff's complaint. Defendants did not file an answer or other responsive pleading within twenty days as required by Fed.R.Civ.P. 12(a)(1)(A). Instead, approximately sixty-eight days after being served, Defendants moved to dismiss under Fed.R.Civ.P. 12(b)(6). The district court granted Defendants' motion to dismiss, holding Plaintiff's complaint contained conclusory allegations that failed to state a claim upon which relief could be granted. This appeal followed.

On appeal, Plaintiff does not challenge the district court's holding that his complaint is subject to Rule 12(b)(6) dismissal. Rather, Plaintiff contends the court should never have ruled on the 12(b)(6) motion because he was entitled to default judgment. Specifically, Plaintiff argues that because Defendants failed to answer within twenty days as required by Rule 12(a)(1)(A), the district court should have automatically granted default judgment in his favor. We disagree.

We review the district court's failure to grant default judgment for abuse of discretion. *Ruplinger v. Rains (In re Rains),* 946 F.2d 731, 732 (10th Cir.1991). Although neither party directed us to its provisions, Fed.R.Civ.P. 55 governs the entry of default judgments in federal court. *See* Fed.R.Civ.P. 55. Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor. First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting "by affidavit or otherwise" that the clerk enter default on the docket. Fed.R.Civ.P. 55(a); *see also Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir.1981). Second, following an entry of default by the clerk, "the party entitled to a judgment by default shall apply to the court therefor." Fed.R.Civ.P. 55(b)(2); *see also Meehan,* 652 F.2d at 276.

In this case, Plaintiff did not request that the clerk enter default against Defendants under Rule 55(a) when they failed to respond to the summons and complaint within twenty days. Further, Plaintiff failed to apply to the district court under Rule 55(b)(2) requesting that it enter judgment on the default. Thus, because Plaintiff failed to comply with the mandatory requirements to obtain default judgment under Rule 55, we conclude that the district court properly exercised its discretion in not entering default judgment in his favor. Consequently, we hold the district court did not err in reaching Defendants' Rule 12(b)(6) motion.

 **\*2** AFFIRMED.

**All Citations**

57 F.3d 1081 (Table), 1995 WL 365988

Footnotes

1     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

2     After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

**End of Document**     © 2020 Thomson Reuters. No claim to original U.S. Government Works.

585 Fed.Appx. 366
This case was not selected for publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007.
See also U.S.Ct. of App. 9th Cir. Rule 36-3.
United States Court of Appeals, Ninth Circuit.

COMMODITY FUTURES TRADING COMMISSION, Plaintiff–Appellee,
v.
Gordon DRIVER, Defendant–Appellant,
and
Axcess Automation, LLC; Axcess Fund Management, LLC, Defendants.

No. 12–56521.
|
Submitted Sept. 23, 2014.[*]
|
Filed Oct. 7, 2014.

**Attorneys and Law Firms**

David Acevedo, Michael R. Berlowitz, Esquire, W. Derek Shakabpa, Senior Trial, **\*367** Commodity Futures Trading Commission, New York, NY, Melissa Chiang, Counsel, U.S. Commodity Futures Trading Commission, Washington, DC, Kent Kawakami, Assistant U.S., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Gordon Driver, Henderson, NV, pro se.

Appeal from the United States District Court for the Central District of California, Otis D. Wright II, District Judge, Presiding.

Before: W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

MEMORANDUM[**]

Gordon Driver appeals pro se from the district court's judgment in an action filed by the Commodity Futures Trading Commission ("CFTC") for violations of the Commodity Exchange Act and related regulations arising out of an alleged Ponzi scheme. We have jurisdiction under 28 U.S.C. § 1291. We review for plain error a district court's failure to recuse itself sua sponte pursuant to 28 U.S.C. § 455. *United States v. Spangle,* 626 F.3d 488, 495 (9th Cir.2010). We affirm.

The district court did not commit plain error by failing to recuse itself sua sponte from hearing Driver's requests to release previously frozen assets and the CFTC's motion for summary judgment. *See id.* (setting forth plain error standard of review when a party does not seek recusal before the trial court). The isolated comments by the district court upon which Driver relies to support his arguments do not establish the bias or partiality warranting recusal. *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("[J]udicial remarks during the course of ... [proceedings] that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."); *see also Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.,* 428 F.3d 1175, 1178 (9th Cir.2005) (per curiam) (in analyzing § 455(a) motions, this court "employ[s] an objective test: whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned" (citation and internal quotation marks omitted)). Moreover, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky,* 510 U.S. at 555, 114 S.Ct. 1147.

To the extent that Driver seeks to challenge the underlying grant of summary judgment, we do not consider these arguments because they were not distinctly raised or argued in his opening brief. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

**AFFIRMED.**

**All Citations**

585 Fed.Appx. 366

Footnotes

\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**Commodity Futures Trading Com'n v. Driver, 585 Fed.Appx. 366 (2014)**

\*\*  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

**End of Document**  © 2020 Thomson Reuters. No claim to original U.S. Government Works.