# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-CV-0382-DDD-MEH

COMMODITY FUTURES TRADING COMMISSION,

        Plaintiff,

  v.

VENTURE CAPITAL INVESTMENTS LTD. and BREONNA S. CLARK, a/k/a Eliot Clark a/k/a Alexander Pak d/b/a Venture Capital Investments and The Life Group,

Defendants.

---

## [PROPOSED] ORDER REOPENING CASE AND APPOINTING NFA AS MONITOR

---

This matter is before the Court upon Plaintiff's Renewed Motion To Appoint the National Futures Association as Post-Judgment Monitor ("Motion"). Upon review of the Motion, the accompanying memorandum and the exhibit attached thereto, and good cause appearing, it is hereby **ORDERED** that this matter is reopened to supplement the Court's November 2, 2020 *Order Granting Motion For Default Judgment* ("November 2 Order") [DE # 30] as follows:

    1.    To effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendants' pool participants, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall receive restitution payments from Defendants and make distributions as set forth below. Because the Monitor is acting as an

officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

2. Defendants shall make Restitution Obligation payments, and any post-judgment interest payments, under this Order and the Court's Order dated November 2, 2020 [DE # 30] to the Monitor in the name "VCI-Clark Restitution Fund" and shall send such payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover letter that identifies the paying Defendant and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

3. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' pool participants identified by the Commission or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible customers/pool participants/clients is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission.

4. Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' pool participants to whom the Monitor, in its sole discretion, may determine to include in any plan for

distribution of any Restitution Obligation payments. Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

5. The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' pool participants during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

6. The amounts payable to each pool participant shall not limit the ability of any pool participant from proving that a greater amount is owed from Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any pool participant that exist under state or common law.

7. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each pool participant of Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendants to ensure continued compliance with any provision of this Order and to hold Defendants in contempt for any violations of any provision of this Order.

8. To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

9. Defendants shall pay their Civil Monetary Penalty Obligation ("CMP") and any post-judgment interest, by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

MMAC/ESC/AMK326
Commodity Futures Trading Commission
Division of Enforcement
6500 S. MacArthur Blvd.
HQ Room 181
Oklahoma City, OK 73169
(405) 954-6569 office
(405) 954-1620 fax
9-AMC-AR-CFTC@faa.gov

10. If payment by electronic funds transfer is chosen, Defendants shall contact Marie Thorne or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

11. Notice: All notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:
Rick Glaser
Deputy Director
Division of Enforcement
Commodity Futures Trading Commission
1155 21st Street, NW
Three Layfayette Centre
Washington, D.C. 20581

Notice to Defendants
Breonna S. Clark (*pro se*)
2538 South Anaheim Street, #302
Aurora, CO 80014-1474
E-mail:  bdansimon89@gmail.com; clarkbre@aol.com, thetattedinvestor@gmail.com; info@ventureci.com; E.clark12311@gmail.com; elliotclark@ventureci.com; eclark.12311@gmail.com

Notice to NFA:
Daniel Driscoll,
National Futures Association
300 S. Riverside Plaza, Suite 1800
Chicago, IL 60606-3447

All such notices to the Commission or the NFA shall reference the name and docket number of this action.

12. The instant Order has no other effect on the remainder of the November 2 Order.

IT IS SO ORDERED on this _____day of _____, 2020.

_____
UNITED STATES DISTRICT JUDGE